United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10924
Summary Calendar

_____

DAVID ROBISON,

Plaintiff/Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant/Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
District Court Cause No. 02-CV-1540-L

_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

This appeal arises from a Title VII employment retaliation
lawsuit. In his complaint, Appellant David Robison (Robison)
asserted that his employer, Appellee Texas Department of Criminal
Justice (TDCJ), retaliated against him because he testified on
behalf of female co-workers about allegations of sexual
harassment and because he talked to the media about allegations
of misconduct by TDCJ personnel. In response to Robison's

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1

complaint, TDCJ moved for summary judgment on grounds that no evidence existed of adverse employment action. After considering the motion, the district court determined that Robison failed to present evidence that raised a genuine issue of material fact about whether TDCJ took adverse employment action, granted TDCJ's motion, and entered summary judgment in favor of TDCJ. Robison challenges the summary judgment in this appeal.

## Standard of Review

This court reviews a district court's summary judgment decision *de novo* applying the same standard as the district court.[2] Summary judgment is appropriate when the evidence shows no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[3] Consequently, this court will uphold a summary judgment if there is no genuine issue of material fact.

In deciding whether a question of material fact exists, a court must view all evidence in the light most favorable to the nonmoving party.[4] A fact is material if the evidence is such that a reasonable party could return a verdict in favor of the

---

[2]*See Fabela v. Socorro ISD*, 329 F.3d 409, 414 (5th Cir. 2003).

[3]*See* FED. R. CIV. P. 56(c).

[4]*See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

nonmoving party.[5]  Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.[6]  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to survive a motion for summary judgment.[7]  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.[8]

### Whether Summary Judgment Was Appropriate

On appeal, Robison maintains the district court erred in granting TDCJ's motion for summary judgment.  Specifically, Robison complains that TDCJ's summary judgment evidence did not cover the entire time frame upon which his lawsuit is based, TDCJ's evidence constituted hearsay, and TDCJ's evidence reflects a question of fact about whether he experienced retaliation.

To prove his retaliation claim, Robison was required to prove that: (1) he engaged in activity protected by Title VII, (2) TDCJ took adverse employment action against him, and (3) a

---

[5]See *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[6]See *Matsushita*, 475 U.S. at 586.

[7]See *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

[8]See *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

causal connection existed between the protected activity and the adverse employment action.[9]  Adverse employment actions include "only ultimate employment decisions . . . such as hiring, granting leave, discharging, promoting, and compensating.  An employer's action does not rise to the level of an adverse employment action when it fails to have more than mere tangential effect on a possible future ultimate employment decision."[10]

In its motion for summary judgment, TDCJ maintained no evidence existed of adverse employment action.  In support of this argument, TDCJ submitted a TDCJ report of an internal investigation.  The report indicates TDCJ initiated an investigation in response to Robison's complaint that he was being harassed and retaliated against for being out-spoken.  The report addresses two disciplinary cases involving Robison.

In one action, Robison was charged with substandard duty performance for failing to contact a particular parolee.  The report indicates that it was determined during the resulting disciplinary hearing that Robison was not assigned to the parolee's case.  Because insufficient evidence existed of substandard duty performance, no discipline was imposed.

---

[9]See Thomas v. Tex. Dept. of Crim. J., 220 F.3d 389, 394 (5th Cir. 2000).

[10]See Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 518 (5th Cir. 2001) (internal quotations and citations omitted).

4

The second action addressed by the report related to statements Robison made to the media about allegations of sexual harassment and drug use by TDCJ employees. Under Rule #37 of TDCJ's General Rules of Conduct and Disciplinary Action Guidelines for Employees, "employees are prohibited from engaging in any activity that would have an adverse impact upon the integrity or productivity of the employee or the agency." Although the report indicates an initial decision was made to discipline Robison, a disciplinary hearing was not held and the matter was closed without disciplinary action. In further support of its motion for summary judgment, TDCJ presented a document that notified Robison of the disposition of the second action.

Even considered without the hearsay statements Robison complains about, the report indicates Robison was never fired, reassigned, denied promotion, suffered a change in benefits, or disciplined in any that could be construed as adverse employment action. Even though the report does not cover Robison's complaint about being unable to wear sandals without socks—an event that allegedly occurred after the two disciplinary actions, TDCJ's evidence supports its position that no adverse employment action occurred.

Although this evidence indicates Robison did not experience adverse employment action, he complains on appeal that the report raises genuine issues of material fact about whether he

5

experienced retaliation. In particular, Robison relies on statements made by his supervisor, Ms. Benita Garrison. According to the report, "Ms. Garrison stated that in her opinion, this incident and another disciplinary case issued [sic] Mr. Robison, is just a form of harassment and retaliation by Dalton Domingue and Evelyn Shaffer." But even viewed in Robison's favor, this statement does not show that any adverse employment action was taken against Robison. Instead, the statement reflects Garrison's opinion about why Robison was initially charged with substandard duty performance.

Because TDCJ met its burden in moving for summary judgment, Robison was required to present competent summary judgment to raise a genuine issue of material fact about whether he suffered adverse employment action to survive summary judgment. In his response to TDCJ'S motion, Robison[11] stated that he would submit evidence at trial to refute TDCJ's report. He failed, however, to submit any affidavits or other documentation to support his claims. Because he failed to submit documentary evidence that raised a question about whether he experienced adverse employment action, the district court properly determined that no evidence existed of adverse employment action and granted TDCJ's motion. For that reason, this court AFFIRMS the judgment of the district

---

[11]Although he was initially represented by counsel, Robison's attorney withdrew from representation after mediation failed and Robison proceeded pro se. Robison responded to TDCJ's motion in that capacity.

court.

AFFIRMED.